CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 16 2011

JULIA C. DUDLEY, CLERK
BY: /s/ Dax[illegible]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 5:02cr30041-004 |
| ) | |
| v. ) | **2255 MEMORANDUM OPINION** |
| ) | |
| WILLIAM PETTIS. ) | By: Samuel G. Wilson |
| ) | United States District Judge |

Petitioner, William Pettis, a federal inmate proceeding pro se, filed a "motion to discontinue sentence." Because Pettis challenges the validity of his conviction and sentence, the court construes his submission as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1] Upon review of the record, however, the court concludes that Pettis' instant § 2255 motion must be dismissed as successive.

I.

Pettis challenges his 322-month sentence for conspiring to distribute and possess with the intent to distribute more than fifty grams of cocaine base and possessing a firearm in furtherance of a drug trafficking crime. Court records indicate that Pettis previously filed a § 2255 motion, Civil Action No. 7:05-cv-00610 (W.D. Va.), regarding the same conviction and sentence.[2] This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As Pettis has not submitted any evidence of having obtained

---

[1] The characterization of a pro se motion is determined by its subject matter and not the caption the petitioner assigned to it. See Calderon v. Thompson, 523 U.S. 538, 554 (1998). A court may recharacterize a pro se motion "to create better correspondence between the substance of the . . . motion's claim and its underlying legal basis." Castro v. United States, 540 U.S. 375, 381 (2003).

[2] The court notes that Pettis has also filed two other successive § 2255 motions.

certification from the Court of Appeals to file a second or successive §2255 motion, the court must dismiss his petition as successive.[1]

## II.

For the reasons stated, the court dismisses Pettis' motion as a successive § 2255 motion.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

ENTER: This 16th day of August, 2011.

_____
United States District Judge

---

[1] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

2

Case 5:02-cr-30041-MFU   Document 144   Filed 08/16/11   Page 2 of 2   Pageid#: 290