CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 25 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 5:02cr30041-004 |
| v. | MEMORANDUM OPINION |
| WILLIAM PETTIS | By: Samuel G. Wilson<br>United States District Judge |

This is a motion by William C. Pettis for "appropriate relief" in light of recent Supreme Court rulings Pettis believes effect the lawfulness of his sentence. The court construes the motion as a successive 28 U.S.C. § 2255 motion and dismisses it.

I.

Pettis pled guilty in early 2003 to conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The court sentenced Pettis to 262 months on the drug charge and 60 months consecutive on the firearm charge.[1] Pettis appealed and the Court of Appeals affirmed. United States v. Pettis, No. 03-4584 (4th Cir. 2004). Pettis then filed his first § 2255 motion which this court denied. United States v. Pettis, 5:02 CR 30041 (W.D. Va. 2006). Once again, Pettis appealed, and the Court of Appeals dismissed his appeal. United States v. Pettis, No. 06-7617 (4th Cir. 2006). Pettis has filed three additional motions which the court has dismissed as successive § 2255 motions. See United States v. Pettis, 5:02 CR 30041 (W.D. Va.

---

[1] The court reduced Pettis' sentence pursuant to retroactive guideline amendments: first, in 2008, pursuant to Amendment 706 and second, in 2011 pursuant to guideline Amendment 750 issued by the United States Sentencing Commission in response to the Fair Sentencing Act of 2010. His total sentence is now 228 months, consisting of 168 months on count one (the drug offense) and 60 months consecutive on count eight (the firearm offense). Docket entry Nos. 153 and 132-2).

2011). Pettis' current motion claims that the court may have "improperly sentenced" him in light of recent Supreme Court precedent.

## II.

The characterization of a pro se motion is determined by its subject matter and not the caption the petitioner assigned to it. Here, Pettis is attacking the lawfulness of his sentence based on recent Supreme Court precedent, and his motion is properly considered to be a § 2255 motion. As this court has apprised Pettis on previous occasions, this court may consider a successive § 2255 motion only if authorized by the United States Court of Appeals for the Fourth Circuit. See § 2255(h). As Pettis has not submitted evidence the Court of Appeals has authorized the filing of a successive § 2255 motion, this court dismisses his motion as successive and unauthorized.

## III.

For the reasons stated, the court dismisses Pettis' motion as successive.[2]

**ENTER:** July 25, 2013.

UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit 900 East Main Street, Richmond, VA 23219.